UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TIMOTHY W. THOMAS,** | * | CIVIL ACTION |
| *Plaintiff,* | * | |
| | * | NO. |
| **VERSUS** | * | |
| | * | JUDGE |
| **NEW HOTEL MONTELEONE, LLC,** | * | |
| *Defendant.* | * | MAGISTRATE JUDGE |
| ********************************* | | |

# COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, come Timothy W. Thomas ("Plaintiff") who for his Complaint avers as follows:

### I. PARTIES

1. Timothy W. Thomas ("Plaintiff") is a person of the full age of majority and a resident citizen of the State of Texas.

2. Named as Defendant is New Hotel Monteleone, LLC ("Hotel Monteleone"), a Louisiana limited liability company domiciled at New Orleans, Louisiana.

### II. SUBJECT MATTER JURISDICTION

3. Subject matter jurisdiction is conferred by 28 U.S.C. § 1332(a)(3), because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

### III. PERSONAL JURISDICTION

4. Personal jurisdiction over the Defendants is/will be conferred upon Hotel Monteleone

pursuant to Fed. R. Civ. P. 4(h)(1)(B), by delivering a copy of the summons and of the complaint to its Registered Agent for service of process, Ms. Jacqueline McPherson, 1010 Common Street, Suite 1800, New Orleans, LA 70112.

## IV.  VENUE

5. Venue is conferred by 28 U.S.C. § 1391(a)(2), because the Eastern District of Louisiana is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV.  FACTUAL ALLEGATIONS

6. On January 13, 2019, Plaintiff was a paying guest at Hotel Monteleone, an upscale hotel located at 214 Royal Street in the New Orleans French Quarter.

7. Following attendance at the 4:40 o'clock p.m. New Orleans Saints versus Philadelphia Eagles NFL football game, Plaintiff, his wife, and two friends returned to the Hotel Monteleone for a late evening meal at the hotel's Criollo Restaurant.

8. Plaintiff and his dinner party arrived at Criollo Restaurant's seating host's podium at the restaurant's entrance area about 9:00 o'clock p.m.

9. In close proximity to the restaurant entrance was a table serving station with pitchers of cold water for filling restaurant guest's water glasses.

10. Due to condensation or spillage from these cold pitchers, the marble floor surface in the vicinity of the serving station was wet and slippery.

11. This hazardous condition was created by the actions of Hotel Monteleone's employees through placement of ice water pitchers on the service station.

12. Hotel Monteleons's employees were aware or should have been aware that condensate or

drippings from these ice water pitchers would accumulate on the floor near the service station.

13. Plaintiff and his dinner companions were wholly unaware of this hazardous condition.

14. While being escorted to a table, Plaintiff slipped and fell on the wet and slippery area of the restaurant floor.

15. As a result of his slip and fall, Plaintiff suffered a severe and debilitating injury to his right knee which will require surgery.

## V. APPLICABLE LOUISIANA CIVIL CODE ARTICLES:

16. The following Louisiana Civil Code articles are applicable to the negligence of Hotel Monteleone and vicarious responsibility for its employees' negligence:

   A. La. C.C. art. 2315 A provides that *"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it"*;

   B. La. C.C. art. 2316 provides that *"Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill"*;

   C. La. C.C. art. 2317 provides that *"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody"*; and

   D. La. C.C. art. 2320 provides that *"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed"*.

## VI.  ACTS OF FAULT, WANT OF CARE, AND NEGLIGENCE

17. The acts of fault, want of care, and/or negligence on the part of Hotel Monteleone and its employees were as follows:

   A. Positioning an ice-water service table adjacent to floor areas where restaurant patrons walked to and from their tables;

   B. Failing to prevent condensate or dripping from ice water pitchers from wetting the floor areas where restaurant patrons walked to and from their tables;

   C. Failing to clean up the wet and slippery floor areas before they were traversed by restaurant patrons;

   D. Failing to locate the ice water service tables away from floor areas where restaurant patrons walked to and from their tables;

   E. Failing to warn restaurant patrons of the slip and fall hazard created by condensate or dripping from the ice water service table;

   F. Failing to supervise the operation of the restaurant so as to insure that ice water service tables were located away from floor areas where restaurant patrons walked to and from their tables; and

   G. Any other acts or omissions of constituting a breach of any duty owed to Plaintiff that may be revealed in subsequent discovery or proven at trial.

## VII.  PLAINTIFFS' DAMAGES:

18. Plaintiff itemizes his general and special damages as follows:

   A. Past and future mental anguish;

   B. Past and future physical pain and suffering;

  C. Past and future anatomical impairment;

  D. Past and future loss of enjoyment of life; and

  E. Past and future medical expenses.

## VIII. LIABILITY ALLEGATIONS:

19. For reason of its own acts of fault, want of care, and/or negligence, and those on the part of its employees, all of which were direct and proximate causes of Plaintiff's injuries, Hotel Monteleone is liable to Plaintiff in money damages exceeding the sum or value of $75,000.00 exclusive of interest and costs.

## IX. JURY TRIAL DEMAND

20. Pursuant to Fed. R. Civ. P. 38(a), Plaintiff demands trial by jury on all issues of fact and law triable to a jury.

## X. PRAYER FOR RELIEF:

21. **WHEREFORE**, Plaintiff, Timothy W. Thomas, prays:

  A. That Defendant, New Hotel Monteleone, LLC be served with copies of Summons and the Complaint;

  B. That the Defendant serve its Answer thereto;

  C. That after all due proceedings had, there be a final Judgment holding the Defendant liable to the Plaintiff in money damages reasonable under these premises and exceeding the sum or value of $75,000.00 exclusive of interest and costs;

  D. That there be an award of legal interest from the date of judicial demand until all damages awarded are fully paid;

  E. That there be an award of all costs allowed by Fed. R. Civ .P. 54(b) and 28 U.S.C.

   § 1920;

F. That there be trial by jury on all issues of fact and law triable to a jury; and

G. That the Court grant such other relief as the interests of justice may require.

        Respectfully submitted,

        */s/ Richard M. Martin*, Jr.
        RICHARD M. MARTIN, JR., T.A. (#08998)
        FRANK E. LAMOTHE, III, (#07495)
        JULIEN G. LAMOTHE (#38313)
        **LAMOTHE LAW FIRM, LLC**
        400 Poydras Street, Suite 1760
        New Orleans, LA 70130
        Telephone: (504) 704-1414
        E-Mail: rmartin@lamothefirm.com

        ***ATTORNEYS FOR PLAINTIFF***