UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY W. THOMAS<br><br>VERSUS<br><br>NEW HOTEL MONTELEONE, LLC | CIVIL ACTION<br><br>NO. 2:19-cv-10597<br><br>SECTION R-1<br><br>JUDGE:  SARAH S. VANCE<br><br>MAGISTRATE:  JANICE VAN MEERVELD |

FILED: _____          _____
                                                                         DEPUTY CLERK

## REPLY MEMORANDUM

**MAY IT PLEASE THE COURT:**

Defendant, New Hotel Monteleone, LLC (hereinafter "Defendant" or Monteleone"), respectfully submits the following Reply Memorandum to the Memorandum in Opposition to Motion for Summary Judgment filed by plaintiff, Timothy Thomas.

As this Court is aware, this case, a slip and fall case brought by a Texas resident, is governed by the provisions of LSA-R.S. 9:2800.6. That statute places a heavy burden on the plaintiff and requires him to prove a number of elements including that the defendant-merchant either (1) created the condition complained of; or (2) had actual notice of the condition complained of; or (3) had constructive notice of the condition complained of.  If the plaintiff is unable to prove one of these three critical elements, his case fails and must be dismissed.

The majority of the plaintiff's opposition memorandum is spent attacking the credibility of various Monteleone employees who have testified in this matter. After weeding through these irrelevant attacks, the plaintiff's argument becomes clearer. The plaintiff claims that a champagne bottle that was removed from the champagne bucket near the area where the intoxicated plaintiff allegedly slipped created enough water (he described it as a "puddle") in the area to cause the accident and soak the plaintiff's shorts (the plaintiff was wearing jeans) and shirt. (*See* Deposition of Timothy Thomas, p. 52 attached hereto as Exhibit "A"). (Liz Zazour testified that there was enough water on the ground to soak his leg, side and back. (*See* Deposition of Liz Zazour, p. 33 attached hereto as Exhibit "B")). (Joseph Zazour testified that there was enough water to soak the plaintiff's butt and back. (*See* Deposition of Joseph Zazour, p. 33 attached hereto as Exhibit "C")). In other words, after twenty (20) pages, the plaintiff, relying entirely on the video of the incident, argues that he is able to meet his burden of proof under LSA-R.S. 9:2800.6 by alleging that Monteleone created the alleged condition when its employee removed an alleged bottle of champagne from a champagne bucket allegedly containing ice and/or water.

As outlined in the Monteleone's Memorandum in Support of its Motion for Summary Judgment, neither the plaintiff nor anyone in his party was able to testify where the water the intoxicated plaintiff allegedly slipped in originated from. The plaintiff does not dispute this in his Memorandum. The video the plaintiff desperately relies upon to avoid summary judgment does not provide the life raft the plaintiff seeks. In particular, the plaintiff's argument relies on entirely on assumptions, none of which are proven with admissible evidence or otherwise

substantiated by any offered testimony.  First, the plaintiff assumes that the alleged champagne bottle was resting in a bucket of ice and water.  The plaintiff offers no proof of this and the video does not show this.  Second, the plaintiff assumes that the champagne bucket produced condensation which dripped onto the floor.  Neither the plaintiff nor any other witness in this case testified to this and the video does not show this either.  Third, the plaintiff assumes that whatever water (or condensation (which he hasn't proven existed)) the bottle was allegedly sitting in dripped onto the floor when it was removed from the bucket.  Again, neither the plaintiff nor any other witness saw this.   The video does not show a single drop of ice water or condensation hitting the floor. It certainly does not show the "puddle" the plaintiff claims existed.  Finally, the plaintiff assumes that he slipped  in the exact spot where the alleged water/condensation landed and/or otherwise came to rest.  The video does not show the existence of any substance on the floor and it does not show the plaintiff stepping in any substance.  In the end, the plaintiff gives this Court nothing but assumptions, speculation and hope, none of which are sufficient to prove that the Monteleone created the condition that allegedly caused the fall.

As this Court and the plaintiff are aware, the unsupported, speculative conclusions the plaintiff advances in his opposition memorandum are not evidence. *See McGinnis v. Target Corp*., No. 18-9693, 2019 U.S. Dist. LEXIS 156688, at *7 (E.D. La. Sept. 13, 2019) (*quoting Ruiz v. Whirlpool, Inc*., 12 F.3d 510, 513 (5th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986) ("Testimony based on conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion because there is no issue for trial unless there is sufficient evidence favoring a nonmoving party."); *Ragas v. Tenn. Gas Pipeline*

*Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("[U]nsubstantiated assertions are not competent summary judgment evidence."); *Bearb v. Wal-Mart Louisiana*, 534 Fed. Appx. 264, 265 (5th Cir. 2013) (per curiam) (rejecting plaintiff's speculation that defendant created the condition because it resulted from either a leaking skylight or wet shopping carts the "only evidence that a leaky skylight created a puddle on the floor was 'speculation and [the plaintiffs'] own unsubstantiated statements.'").

Courts throughout this State have refused to accept the plaintiff's speculation as to what "must have happened" when video captured an accident. In *Williams-Ball v. Brookshire Grocery Co.,* 50,722 (La. App. 2nd Cir. 6/29/2016); 198 So. 3d 195, the plaintiff was allegedly injured when she slipped and fell in the defendant's grocery store.  The issue in that case was whether the defendant either created the hazardous condition the plaintiff slipped on or had actual or constructive notice of the condition before the accident.  The Trial Court, relying heavily on the surveillance video, held that the plaintiff failed to carry her burden of proof that the defendant had actual or constructive notice of the condition.

As to whether the merchant created the condition which caused the damage, the Trial Court stated that while the video did show an employee stocking eggs in the area where the incident occurred, nothing showed that the employee caused the spill. *Williams-Ball,* 198 So.3d at 197.

The Trial Court noted that the video showed multiple people walked directly over and adjacent to the location, just before the fall, without incident.  In particular, a lady could be seen walking directly over the area of the fall minutes before the accident.  *Id.*

In affirming the Trial Court's ruling the Second Circuit held, inter alia, that the best evidence of who might have created the condition was the surveillance video, which captured the location of the fall prior to, during, and after the accident. While the video showed an employee stocking eggs in the area, the video did not show the employee spilling anything on the ground or dropping a carton of eggs. Additionally, the Court of Appeal noted that the video did not show any substance on the floor so it could not be used to establish when the substance ended up on the floor for use in proving constructive notice. *Id.*at 199. "Thus, there was no testimony to trace the existence of the substance back to time of Anderson's stocking. To say that Anderson created the condition is mere speculation." *Id.*

While *Williams-Ball* analyzed all three aspects of Louisiana's Merchant Liability Statute, its holding with respect to the plaintiff's attempt to use surveillance video to prove that the merchant created the condition complained of is applicable to the case at bar. Like the video in that case, the surveillance video in this case **does not** show the Monteleone employee spilling any liquid on the floor. Like the video in *Williams-Ball*, the video in this case does not show any substance on the floor. Like the video in *Williams-Ball,* multiple people can be seen traversing this area immediately prior to the accident without incident. As was the case in *Williams-Ball*, there is no testimony to trace the existence of the alleged substance back to the employee in the video. The Second Circuit rejected the Ms. William-Ball's speculative theory as to how the substance ended up on the floor. This Court should do the same.

In *Taylor v. Wal-Mart Stores, Inc.,* 2011 WL 3439928 (E.D. LA. 2011), the plaintiff filed a lawsuit after she slipped and fell in a local Wal-Mart. On Cross Motions for Summary

5

Judgment, the issue was whether the wet substance persisted on the store floor for some period of time sufficient to support constructive notice. Wal-Mart alleged that the plaintiff could not prove that condition existed for the requisite period of time that it would have been discovered had Wal-Mart exercised reasonable care as the plaintiff admitted in her deposition that she did not know how long the substance was on the floor before the accident. The plaintiff alleged that the video showed a wet substance existed on the floor for an hour without any employee trying to clean it up. The plaintiff inferred that the spill must have been in place before the video started because there was clearly no spill created during the existence of the tape. Judge Feldman rejected the plaintiff's argument and granted Wal-Mart's Motion for Summary Judgment holding:

> "The video merely shows the passage of time and lacks any visual evidence of a wet substance on the floor. The video does not show someone or something creating the wet substance; it does not show others slipping or avoiding the area; it shows no one making a failed attempt to clean or secure the area. To conclude what the plaintiff asks would require this Court to draw a series of impermissible inferences unsupported by this summary judgment record. 'Such speculation falls short of the factual support required to establish that plaintiff will be able to satisfy h[e]r evidentiary burden of proof at trial.' *Babin,* 764 So.2d at 40."

Admittedly, *Taylor* addressed whether Wal-Mart had constructive notice of the condition prior to the accident. This does not appear to be at issue in this case. *Taylor*'s findings are helpful to the resolution of this matter nonetheless. As was the case in *Taylor*, the video relied upon by the plaintiff does not show any evidence of a wet substance. It does not show someone creating the substance. It does not show others slipping or otherwise avoiding the area. Like the plaintiff in *Taylor*, the plaintiff is asking this Court to draw a series of impermissible inferences regarding the creation of the alleged spill which are unsupported by the record. Judge Feldman

6

found that the plaintiff's speculation fell short of the factual support to defeat Wal-Mart's Motion for Summary Judgment. This Court should do the same in this case.

In *Adams v. Dolgencorp, LLC*, 559 F. App'x 383, 2014 WL 1193521 (5th Cir. 2014), the plaintiff filed suit against Dollar General after slipping on spilled lotion and falling. The District Court granted Dollar General's Motion for Summary Judgment concluding (1) the customer's argument that the employees' presence in the immediate vicinity of the spilled lotion gives rise to an inference of constructive notice failed under the plain language of La. Rev. Stat. Ann. § 9:2800.6(C)(1); (2) she failed to present any evidence of how or why the lotion was spilled, much less any showing that any employee was exercising less than reasonable care in not discovering it; and (3) she failed to produce evidence showing the retailer had actual or constructive notice of the spilled lotion or any evidence showing when or how the lotion was spilled. *Id*.

On appeal, the plaintiff argued that the security camera footage should give rise to an inference that the lotion was on the floor long enough to be discovered. Relying on *Taylor, supra,* the Fifth Circuit held:

> Here, where the footage does not show the substance nor the area of the floor on which the substance was spilled, we conclude the temporal inference Adams seeks to draw from the footage would be inappropriate. Adams has failed to produce evidence showing Dollar General had actual or constructive notice of the spilled lotion or any evidence showing when or how the lotion was spilled. We conclude the district court did not err by granting summary judgment to Dollar General on Adams' negligence claim. *Id.* at 386.

Similarly, the video before this Court does not show that the employee in the video spilled any liquid; that there was any liquid on the floor; or that the plaintiff slipped on any

substance. The plaintiff's argument that the Monteleone created the condition complained of is based entirely on speculation and suggestion which is not sufficient to meet his burden under the holdings in *Taylor* and *Adams.*

Finally, in *Peterson v. Brookshire Grocery Co.*, 751 F. App'x 533 (5th Cir. 2018), the plaintiff filed a negligence suit in state court against Brookshire and its insurer, alleging a slip and fall claim, pursuant to La. Rev. Stat. Ann. § 9:2800.6. The defendants filed a Motion for Summary Judgment alleging that there was a "complete lack of evidence" that Brookshire had constructive notice of the liquid substance on the floor prior to Peterson's fall, arguing that Peterson's "speculation, supposition, theory, and inference" are insufficient to avoid summary judgment. *Id.* The District Court granted the defendants' Motion for Summary Judgment finding that the plaintiff did not prove that the merchant-defendant had constructive notice of the liquid as required by Louisiana law.

On appeal, Peterson argued, *inter alia,* that the lack of affirmative video evidence of a cause for the substance in the 22 minutes before she fell proved that the substance must have been present at least 22 minutes before the accident and reasonably should have been discovered by the defendant. *Id.* at 537. The Fifth Circuit rejected this argument as mere speculation or suggestion finding that the argument was not sufficient to defeat the Motion for Summary Judgment. In particular, the Fifth Circuit found that the video did not show any evidence of a liquid substance on the floor of any evidence of customers attempting to avoid the alleged hazardous area. *Id.* It further noted that the source of the liquid was not discernable from the video as it did not clearly show someone or something creating the wet substance. *Id.* In the

end, the Fifth Circuit refused to make the number of impermissible inferences unsupported by the summary judgment record the plaintiff offered to try to defeat the Motion for Summary Judgment and affirmed the District Court's ruling. *Id.* at 538.

The plaintiff in this case is as desperate at Ms. Peterson to avoid the entry of summary judgment. Like Ms. Peterson's argument, Mr. Thomas' argument requires this Court to make a number of impermissible inferences unsupported by the record. Like the video in *Peterson*, the video in this case does not show that there was any substance on the floor or the source of the alleged liquid. Like the video in *Peterson,* this video does not clearly show the Monteleone employee creating the wet substance. Similarly, the video does not show any of the people who traversed the area (including the plaintiff's wife) before the accident slipping or otherwise avoiding the area. In other words, apart from the plaintiff's impermissible speculation and inferences, the video offers nothing to support the plaintiff's argument that the Monteleone created the alleged condition.

In order to defeat the Motion for Summary Judgment now before this Court the plaintiff must prove that the Hotel Monteleone created the condition which caused the alleged accident with admissible evidence. It is undisputed that neither the plaintiff nor anyone in his party knows where the water the plaintiff allegedly slipped in came from. While the plaintiff may hope that the conclusions he makes about the video are enough to defeat the Motion for Summary Judgment, Courts throughout this State have held that these conclusions are not evidence and cannot be considered. While the video does indeed show a member of the wait staff remove a bottle from a champagne bucket, it does not show that the bottle dripped liquid on

the floor (or created a puddle as the plaintiff alleges); that the champagne bucket created condensation as the plaintiff assumes; where the supposed liquid landed; or that the plaintiff stepped in this supposed liquid.  Without this critical evidence, the plaintiff cannot meet his heavy burden of proving that Monteleone created the condition complained of and summary judgment must be granted.

Respectfully submitted,

/s/ *Kermit L. Roux, III*
KERMIT L. ROUX, III (#23280)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  504 593 0792
Facsimile:  504 566 1201
***Attorneys for New Hotel Monteleone, LLC***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 23rd day of March, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following counsel of record:

Richard M. Martin, Jr.
Frank E. Lamothe, III
Julien G. Lamothe
400 Poydras Street - Ste. 1760
New Orleans, LA  70130

 /s/ *Kermit L. Roux, III*
Kermit L. Roux, III