UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TIMOTHY W. THOMAS                                      CIVIL ACTION

VERSUS                                                            NO. 19-10597

NEW HOTEL MONTELEONE, LLC                SECTION "R" (1)

## ORDER AND REASONS

The Court has received a motion for summary judgment from
defendant New Hotel Monteleone, LLC.[1]   Because there is no genuine
dispute of material fact as to Hotel Montelone's liability under Louisiana's
merchant slip-and-fall statute, the Court grants defendant's motion.

## I.    BACKGROUND

This case arises from a slip and fall in a restaurant.  On January 13,
2019, plaintiff Timothy Thomas visited the Criollo Restaurant.[2]  The Criollo
Restaurant is located in the Hotel Monteleone,[3] and owned and operated by

---

[1]    R. Doc. 12.
[2]    *See* R. Doc. 17-12 at 1 ¶ 2.
[3]    *See id.*

defendant New Hotel Monteleone, LLC.[4]  While at the restaurant, plaintiff fell.[5]

In his complaint, plaintiff alleges that he arrived at the restaurant for dinner with his wife and two friends following a football game.[6]  Plaintiff claims that "[i]n close proximity to the restaurant entrance was a table serving station with pitchers of cold water for filling restaurant guest's water glasses,"[7] and that "[d]ue to condensation or spillage from these cold pitchers, the marble floor surface in the vicinity of the serving station was wet and slippery."[8]  Plaintiff alleges that as he was walking to his table, he "slipped and fell on the wet and slippery area,"[9] causing a knee injury.[10]  Plaintiff sued defendant for damages arising from this injury.[11]

Defendant now moves for summary judgment.[12]  In response, plaintiff argues that the Court should sua sponte grant summary judgment in his favor.[13]

---

[4]      *See id.* at 1 ¶ 1.
[5]      *See id.* at 1 ¶ 3.
[6]      *See* R. Doc. 1 at 2 ¶ 7.
[7]      *Id.* at 2 ¶ 9.
[8]      *Id.* at 2 ¶ 10.
[9]      *See id.* at 3 ¶ 14.
[10]     *See id.* at 3 ¶ 15.
[11]     *See id.* at 4-5 ¶ 18.
[12]     *See* R. Doc. 12.
[13]     *See* R. Doc. 17 at 18-19.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).   "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.   "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).  The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.   The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added))).

## III.  DISCUSSION

Louisiana statutory law governs the "[b]urden of proof in claims against merchants," including restaurants, when a plaintiff alleges that the merchant's negligence caused the plaintiff to be injured in a fall on the merchant's premises.  *See* La. R.S. 9:2800.6.  The Fifth Circuit has observed that this "statute 'places a heavy burden of proof on plaintiffs' in slip and fall cases," *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Jones v. Brookshire Grocery Co.*, 847 So. 2d 43, 48 (La. App. 2 Cir. 2003)), which cannot be met by "[m]ere speculation or suggestion."  *Id.* (quoting *Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898 (La. App. 2 Cir. 2003)).

Under the statute, a plaintiff must prove, among other things, that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence."  La. R.S. 9:2800.6(B)(2).  Here, defendant contends that summary judgment evidence does not show either that defendant created or that defendant had

5

notice of a slippery floor, and thus summary judgment in its favor is appropriate.[14]

First, the summary judgment evidence does not show that defendant created the alleged wet, slippery condition of the floor. Plaintiff contends that the evidence shows the restaurant created the condition, because adjacent to where plaintiff fell, there were ice water pitchers and a champagne bucket.[15] Plaintiff also points to security video showing a waiter pulling a bottle from the bucket and carrying the bottle essentially over the spot where plaintiff fell.[16] Additionally, plaintiff observes that the waiter did not use an available towel to prevent the bottle from dripping on the floor, and there was no mat to contain condensation from the champagne bucket.[17]

But plaintiff does not allege that the evidence shows water falling from the bottle onto the floor, or water dripping from the champagne bucket onto the floor. Indeed, the security video does not provide such evidence, nor does it show any condensation or a wet area on the floor before or at the time of his fall.[18] Neither does it show water in the bucket, or that the bottle was wet,

---

[14]   *See* R. Doc. 12-1 at 12.
[15]   *See* R. Doc. 17 at 17.
[16]   *See id.*
[17]   *Id.*
[18]   *See* R. Doc. 12-12.

much less dripping.[19]  And when plaintiff himself was asked if he knew where the water he allegedly slipped in came from, he responded: "I'm unsure."[20] The other members of plaintiff's party—Melissa Thomas,[21] Joseph Zazour,[22] and Liz Zazour[23]—also similarly indicated that they did not know what allegedly caused the floor to be wet and slippery.

Plaintiff suggests that the restaurant created the allegedly slippery condition, because the hotel made a decision to locate the beverage service table where it was.[24]  But the presence of a beverage service table near where plaintiff slipped does not show that the items on this service table caused the floor to be wet and slippery.  The pitchers were set on towels, and there is no evidence that there was water dripping from a pitcher to the floor.[25] Similarly, even were the court to look to the statements from plaintiff and one of his party members alleging that an unnamed hotel employee pointed

---

[19]    *See id.*

[20]    *See* R. Doc. 12-5 at 2:18-21.

[21]    *See* R. Doc. 12-6 at 4:7-12 ("Q.  Do you know what your husband slipped on from your own personal knowledge, not what you may have heard?  A. No.  Q.  Do you know where that substance came from? A.  No.").

[22]    *See* R. Doc. 12-7 at 2:19-23 ("Q.  Do you know what the liquid was?  A. I don't.  Q.  Do you know where it came from?  A.  I don't.").

[23]    *See* R. Doc. 12-8 at 28:21-25, 29:1 ("Q.  From your own personal knowledge, do you know what he slipped on?  A. I do not.  Q.  Do you know from your own personal knowledge where the water came from?  A.  I do not.").

[24]    *See* R. Doc. 17 at 17; R. Doc. 17-2 at 8:5-8.

[25]    *See* R. Doc. 12-12.

out water on the floor after plaintiff slipped,[26] such a statement does not alone create a reasonable inference that the restaurant created the wet floor condition.

Rather, reaching such a conclusion requires speculation. And while the Court draws all reasonable inferences in plaintiff's favor here, "conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion." *See Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("[U]nsubstantiated assertions are not competent summary judgment evidence."); *see also Bearb v. Wal-Mart La. Liab. Corp.*, 534 F. App'x 264, 264-65 (5th Cir. 2013) (per curiam) (stating that the plaintiffs' "speculation and . . . own unsubstantiated statements" that "a leaking skylight or wet shopping carts" created a "floor's wet condition" did not suffice to avoid summary judgment under the Louisiana statute).

In *Williams-Ball v. Brookshire Grocery Co.*, 198 So. 3d 195 (La. App. 2 Cir. 2016), for instance, the Louisiana Court of Appeal for the Second Circuit affirmed a trial court ruling where video evidence did not show that the defendant created a slippery floor condition, absent conjecture. *See id.* at 199. The plaintiff alleged that she slipped in a grocery store on liquid from

---

[26]   *See* R. Doc. 17-8 at 2:17-18; R. Doc. 17-10 at 4:10-11.

an egg. *See id.* at 197. While security video showed an employee "stocking eggs in the general location of the fall," though, it did not show the employee "spilling anything on the ground." *See id.* at 199. Furthermore, "the substance itself [wa]s not visible on the floor at any time during the video." *Id.* Consequently, the court stated that "say[ing] that [the employee] created the condition is mere speculation." *See id.*

Likewise here, although the video shows a waiter using the beverage serving station,[27] it does not show the employee spilling anything on the floor, nor does it otherwise show a wet substance on the floor.[28] Finding that defendant created the allegedly slippery condition, therefore, would be mere speculation, and thus not a basis for denying summary judgment. Overall, therefore, the summary judgment evidence does not show that defendant created an unreasonably unsafe condition.

Second, the summary judgment evidence does not show that defendant had actual notice of the alleged wet, slippery condition on the floor. Plaintiff contends that the restaurant had actual notice of the slippery floor, because the restaurant manager acknowledged that items in the beverage service area could produce condensation, and the flooring would not absorb liquid.[29]

---

[27]   *See* R. Doc. 17-4.
[28]   *See* R. Doc. 12-12.
[29]   *See* R. Doc. 17 at 18; *see also* R. Doc. 17-2 at 4:18-25, 5:1-16, 7:14-19.

Furthermore, plaintiff points to the presence of "drip preventive measures" at the beverage service area—that is, a towel under the water pitchers and a towel hung over the top of the bucket[30]—but no cloth on the floor.[31]

But as before, proceeding from the restaurant's knowledge that certain items can produce condensation to any knowledge of the alleged slippery condition of the floor requires speculation that is impermissible. The restaurant employees do not attest to such knowledge. Rather, they testified that they either were entirely unaware of the condition of the floor or did not notice any water on the floor. For instance, Diego Mira, a chef at the restaurant, stated that he did not "know anything at all" regarding "the condition of the floor at the location where the slip and fall occurred at the moment it occurred."[32] And David Marinaccio, the restaurant's manager, and Roy Desalle, a waiter, both stated that they looked at the floor, but neither saw any water.[33] If anything, therefore, their statements undermine plaintiff's arguments.[34] In addition, the video does not show anyone wiping

---

[30]   *See* R. Doc. 17 at 18.
[31]   *See id.*; R. Doc. 17-2 at 5:21-25.
[32]   *See* R. Doc. 17-6 at 2:18-23.
[33]   *See* R. Doc. 12-9 at 3:23-25, 4:1 (Marinaccio stating that "[he] looked at the floor, there was nothing on the floor"); R. Doc. 12-11 at 2:4-10 (Desalle stating that after plaintiff fell, he inspected the floor and saw "[n]o water").
[34]   Plaintiff argues that Desalle's testimony is unreliable. *See* R. Doc. 17 at 12-13.   Discounting Desalle's testimony, though, still does not create

up the floor right after plaintiff fell.[35]  The video does show, though, three people walking without incident over the area immediately before plaintiff fell, and others walking by without incident afterward.[36]

And again, even were the court to look to the alleged statements from an unnamed hotel employee identifying water on the floor,[37] this statement does not provide evidence as to the restaurant's knowledge in the relevant time before the accident, only after. *See* La. R.S. 9:2800.6(B)(2) (stating that the merchant must have had "had actual or constructive notice of the condition . . . , prior to the occurrence"); *see also Gray v. Wal-Mart La., L.L.C.*, 484 F. App'x 963, 966 (5th Cir. 2012) (per curiam) (affirming summary judgment when no evidence showed defendant had actual notice of the allegedly unsafe condition "before [the plaintiff's] accident occurred"). Consequently, the summary judgment evidence does not show that defendant had actual notice of an unreasonably unsafe condition.

Third, the summary judgment evidence does not show that defendant had constructive notice of the allegedly wet, slippery condition of the floor. By statute, "'[c]onstructive notice' means the claimant has proven that the

---

competent summary judgment evidence showing that defendant had actual knowledge of the allegedly unsafe condition.

[35]    *See* R. Doc. 12-12.

[36]    *See id.*

[37]    *See* R. Doc. 17-8 at 2:17-18; R. Doc. 17-10 at 4:10-11.

condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). Additionally, "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.*

As already established, the summary judgment evidence does not show that the restaurant employees actually knew of the allegedly wet, slippery condition of the floor. And there is not evidence that the employees reasonably should have known that there was water on the floor. *See Adams v. Dolgencorp, L.L.C.*, 559 F. App'x 383, 386 (5th Cir. 2014) (per curiam) (affirming a grant of summary judgment when the plaintiff "failed to present any evidence . . . showing that . . . any . . . employee w[as] exercising less than reasonable care in not discovering" an unsafe condition). To the contrary, the employees who said they inspected the floor indicate that it was not wet,[38] and the video shows people walking over the area immediately before and after the accident without incident.[39]

---

[38]   *See* R. Doc. 12-9 at 3:23-25, 4:1; R. Doc. 12-11 at 2:4-10.
[39]   *See* R. Doc. 12-12.

In order for plaintiff to survive summary judgment, therefore, evidence must show that the allegedly unsafe condition existed for sufficiently long that defendant should have discovered it.  *See* La. R.S. 9:2800.6(C)(1); *see also White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084-85 (La. 1997) ("The statute does not allow for the inference of constructive notice absent some showing of this temporal element. . . .  Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.").

But the summary judgment evidence does not satisfy this temporal requirement.  Plaintiff himself stated that he did not know for how long the puddle he alleged existed had been on the restaurant floor.[40]   All the members of his party similarly testified that they did not know for how long the alleged slippery condition existed.[41]   And as already discussed, the video itself does not show the alleged wet spot.[42]   Indeed, the video actually shows

---

[40]   *See* R. Doc. 12-5 at 2:22-24 ("Q.  Do you know how long [the puddle] had been there before the accident?  A.  No, sir.").

[41]   *See* R. Doc. 12-6 at 4:13-14 (Melissa Thomas responding "No" to the question "Do you know how long it had been there?"); R. Doc. 12-7 at 2:24-25 (Joseph Zazour responding "I don't" to the question "Do you know how long [the liquid] had been there?"); R. Doc. 12-8 at 3:2-3 (Liz Zazour responding "I do not" to the question "Do you know how long [the water] had been there?").

[42]   *See* R. Doc. 12-12.

other individuals passing the alleged spot without incident.[43]  Even looking to plaintiff's "circumstantial evidence," therefore, the Court does not find that a "reasonable inference" supports the necessary "temporal showing." *See Williams v. Home Depot USA, Inc.*, 341 F. App'x 976, 978 (5th Cir. 2009) (per curiam).

In reaching this conclusion, the Court finds instructive *Peterson v. Brookshire Grocery Co.*, 751 F. App'x 533 (5th Cir. 2018) (per curiam). There, the plaintiff allegedly slipped on a clear liquid on a grocery store's floor. *See id.* at 533.  Similar to here, the plaintiff admitted that she did not know "how long the substance was on the floor." *See id.* at 536.  And similar to here, "the video surveillance . . . lack[ed] any visual evidence of the liquid substance on the floor." *See id.* at 537.  Also as here—where video evidence shows people walking over the area at issue without incident both before and after plaintiff's fall[44]—the video in *Peterson* showed people "effortlessly traversing the area where [the plaintiff] fell." *See id.*  Given these facts, the Fifth Circuit found that the plaintiff "failed to present positive evidence establishing that the condition existed for some time prior to her fall," and

---

[43]   *See id.*
[44]   *See* R. Doc. 12-12.

thus affirmed a grant of summary judgment against her. *See id.* at 538. Likewise here, the Court finds summary judgment appropriate.

Other courts have also reached similar results. *See, e.g., Adams*, 559 F. App'x at 386 (affirming summary judgment when "footage does not show the substance" and thus "the temporal inference [the plaintiff] seeks to draw from the footage would be inappropriate"); *Taylor v. Wal-Mart Stores, Inc.*, No. 10-1503, 2011 WL 3439928, at *4 (E.D. La. Aug. 8, 2011) (finding that denying defendant's motion for summary judgment would require the court to "draw a series of impermissible inferences unsupported by this summary judgment record" when "[t]he video does not show someone or something creating the wet substance; it does not show others slipping or avoiding the area; it shows no one making a failed attempt to clean or secure the area"); *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So. 2d 37, 40 (La. 2000) (per curiam) (permitting summary judgment when, absent speculation, the plaintiff was "unable to make a positive showing that the condition did exist for some period of time p[rior] to his fall"); *Kennedy v. Wal-Mart Stores, Inc.*, 733 So. 2d 1188, 1191 (La. 1999) (per curiam) (issuing judgment for defendant when "plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening in question," but "presented absolutely no evidence

15

as to the length of time the puddle was on the floor before his accident");
*Dawson v. Brookshire Grocery Co.*, 718 So. 2d 623, 626 (La. App. 2 Cir. 1998) ("[P]laintiff failed to present positive evidence that water or moisture was present on the floor or had remained on the floor for any length of time prior to her fall. This lack of evidence that the water was present for some period of time is fatal to the plaintiff's cause of action."). Plaintiff points to no caselaw finding summary judgment inappropriate given similar facts. Granting summary judgment here for defendant, therefore, aligns with the weight of the authority.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment. Plaintiff's sua sponte motion is DENIED.

New Orleans, Louisiana, this __10th__ day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE